# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NICHOLAS V. MAESTAS,

    Plaintiff,

vs.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 3:13-cv-00301-RCJ-WGC

**ORDER**

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court will defer ruling upon the application.

    The court has reviewed the complaint, and plaintiff will need to submit an amended complaint that corrects several defects. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff has named as a defendant the State of Nevada and the Lovelock Correctional Center. Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .
> (emphasis added)

The State of Nevada is not a person for the purposes of § 1983, and thus cannot be a defendant. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The Nevada Department of Corrections is an arm of the state. It is not a person for the purposes of § 1983, and thus cannot be a defendant. Id. at 70. To the extent that the Lovelock Correctional Center is an entity and not just a prison, it also is not a person for the purposes of § 1983. Plaintiff will need to omit the State of Nevada and the Lovelock Correctional Center as defendants in the amended complaint.

In counts 1, 2, and 3, plaintiff alleges separate incidents in which he was punished or attacked in retaliation for filing grievances or pursuing a civil action in this court. Plaintiff has made plausible allegations of retaliation. See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff will need to re-allege these counts in his amended complaint, or they will be waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Counts 4 and 5 are claims of retaliation, but with no allegations of facts. Instead, plaintiff refers to documents that he did not attach to the complaint and that the court otherwise does not

possess.  Plaintiff will need to allege in the body of the amended complaint itself all the facts that support these counts.

Count 6 is a claim that plaintiff was attacked by another inmate because of a failure to protect plaintiff, in violation of the Eighth Amendment.

> Establishing a violation of the Eighth Amendment requires a two-part showing. First, an inmate must objectively show that he was deprived of something "sufficiently serious." A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'"  The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. . . .
>
> To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk.

Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (citations omitted).  Plaintiff has not identified any defendant in connection with count 6, and thus he has not made any claim of deliberate indifference.  In the amended complaint, plaintiff will need to allege who was aware of the risk that the other inmate might attack plaintiff and then facts showing that that person disregarded the risk.

IT IS THEREFORE ORDERED that a decision on the application to proceed in forma pauperis (#1) is **DEFERRED**.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that the clerk shall send to plaintiff a civil rights complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of the State of Nevada, the Lovelock Correctional Center, and counts 4, 5, and 6 from this action.

///
///
///
///
///
///

1    IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such
2 by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42
3 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:13-cv-00301-
4 RCJ-WGC, above the word "AMENDED."
5    Dated this 4th day of December, 2013.

_____
ROBERT C. JONES
Chief United States District Judge