# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NICHOLAS V. MAESTAS,           )           3:13-cv-00301-RCJ-WGC
                               )
    Plaintiff,                 )
                               )           **ORDER**
  vs.                          )
                               )           **re Doc. # 18**
STATE OF NEVADA, et al.,       )
                               )
    Defendants.                )
_____)

       Before the court is Plaintiff's Motion to Compel (Doc. # 18[1]). Defendants have opposed (Doc. # 20) and Plaintiff has replied (Doc. # 21). The discovery dispute presented by Plaintiff's motion revolves around the production of any security video footage allegedly depicting him and another inmate in an altercation while both were incarcerated at Lovelock Correctional Center (LCC).

       Defendants assert Plaintiff has failed to satisfy the "Meet & Confer" preconditions to filing a discovery motion under Local Rule 26-7(a). While Plaintiff may not have specifically included the "certification" of LR 26-7(a), the court finds that Plaintiff did undertake an attempt to resolve the discovery dispute. Procedurally, therefore, this motion is properly before the court, at least from the standpoint that Plaintiff made a colorable attempt to resolve his discovery complaint before bringing it to the court.

       Substantively, however, the court has difficulty with Plaintiff's motion. Plaintiff states the Defendants have refused to produce the security video footage Plaintiff sought in his Request for Production (Doc. # 18 at 1, 3). Defendants in their Opposition, however, have stated that the "available

---

[1] Refers to court's docket number.

video surveillance footage" from LCC has been copied over to a CD and delivered to the Warden of the Ely State Prison to make available to Plaintiff for viewing. (Doc. # 20 at 2.)

Plaintiff in his reply memorandum contends the Defendants have produced what he calls and "edited version of events." But Plaintiff also states that he "has submitted 5 requests to the Warden's office and has not been allowed to reviewed the edited surveillance footage that was available." (Doc. # 21 at 2). The court cannot understand how Plaintiff can object to the content of the video when he has not yet viewed the video.

Nevertheless, with regard to Plaintiff's objections as to the content of the video, Defendants' memorandum states that "the undersigned counsel [Deputy Attorney General Benjamin Johnson] has conferred with *Ely State Prison* and has confirmed that there is no other video surveillance footage from this incident and that everything that the Defendants have has been produced." (Doc. # 20 at 2; emphasis added). The problem with this representation is that the incident occurred at *Lovelock Correctional Center*, not at the *Ely State Prison* (ESP).

Although the court is denying Plaintiff's motion to compel (without prejudice), Defendants' counsel shall, **within ten (10) days** of the date of this order, file a Notice confirming that the "available" and "relevant" video footage was obtained from LCC where the incident allegedly occurred, not ESP. Defendants' Notice shall explain further what was meant by the reference to "available" and "relevant video footage." In light of Plaintiff's assertions that he has not been afforded an opportunity to view the video footage (Doc. # 21 at 2), Defendants' Notice shall also verify that Plaintiff has been allowed to view the relevant video footage. Plaintiff shall have **ten (10) days** thereafter to respond to Defendants' Notice.

Plaintiff's motion (Doc. # 18) is **DENIED WITHOUT PREJUDICE** pending further consideration of the issues by the court.

**IT IS SO ORDERED.**

DATED: February 5, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2