UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| NICHOLAS V. MAESTAS, | ) | 3:13-cv-00301-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | March 16, 2015 |
| | ) | |
| STATE OF NEVADA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>   Katie Lynn Ogden   </u>   REPORTER: <u>           FTR           </u>

COUNSEL FOR PLAINTIFF:  <u>  Nicholas V. Maestas, Pro Se (Telephonically)  </u>

COUNSEL FOR DEFENDANTS:  <u>  Charles W. Lehman , Esq.                </u>

**MINUTES OF PROCEEDINGS: Status Conference**

10:00 a.m.  Court convenes.

The court holds today's hearing to address several motions.

Plaintiff advises the court that he is not in possession of all of his legal documents at this time due to do an incident that took place within his cell concerning his cell-mate. Plaintiff represents his legal paper work was seized on February 10, 2015, and has yet to be returned to him.

Deputy Attorney General Charles Lehman is directed to contact the Ely State Prison ("ESP") officials to inquire about Mr. Maestas' legal documents and when they may be returned to him so he can adequately litigate, and the court can fairly address, this matter.

The court first addresses Plaintiff's motion to compel (Doc. # 23). Plaintiff indicates in his reply brief (Doc. # 38) that there is certain discovery that remains outstanding. Plaintiff contends that defendant Matt Wightman has yet to respond to Request for Interrogatories [Set 3] (see Doc. # 38, Exhibit D).

Mr. Lehman acknowledges that Defendants' response brief to the motion to compel (Doc. # 28) does not contain a copy of the production of the third set of interrogatories as to

Minutes of Proceedings
3:13-cv-00301-RCJ-WGC
March 16, 2015

defendant Wightman (or Wightman's answers to such discovery).

After further discussion is had regarding Plaintiff's motion to compel, the court and parties agree it is unclear whether or not there are outstanding discovery requests to be responded to. The court directs Mr. Lehman to confirm that the third, fourth and fifth set of interrogatories as to defendant Wightman have been responded to. Responses to the aforementioned discovery requests shall be answered, verified and produced to Plaintiff no later than **Friday, April 17, 2015**. Furthermore, in light of some confusion regarding certain discovery responses, Mr. Lehman is directed to correlate what discovery responses have been produced, verified and signed in compliance with Fed. R. Civ. P. 26(g).

The court briefly addresses Plaintiff's Motion to Strike (Doc. # 33) Defendants' "Notice of Compliance with Order (#22)" (Doc. # 24). The court advises the Plaintiff that under Fed. R. Civ. P. 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court explains Plaintiff's request to strike Defendants' document entitled "notice" is not considered a "pleading" under Fed. R. Civ. P. 7; therefore, Plaintiff's motion to strike (Doc. # 33) is **DENIED**.

Although Plaintiff's motion to strike (Doc. # 33) is denied, the court next addresses the substantive topic of Plaintiff's motion relating to the production of video surveillance footage from the alleged incident that is subject to this litigation. Plaintiff indicates the most recent video footage produced to him is not that which he is seeking. Plaintiff indicates the video footage he contends should be available would reveal images that supports his allegations in his complaint. Defendants' counsel explains, to his knowledge, the video footage provided to Plaintiff is all that is available from the Lovelock Correctional Center ("LCC") of the alleged incident. However, because Mr. Lehman has recently adopted this case as lead counsel and did not personally ask LCC for any video footage, Mr. Lehman offers to confirm that the video footage provided is complete. Mr. Lehman further explains that the video footage that has been produced to Plaintiff is the exact video footage used in Plaintiff's disciplinary hearing.

The court makes note for the record of the observation made by District Judge Jones in the screening order (Doc. # 8), which states, "By this order, the defendants will have notice of the action and the possibility that they have relevant evidence. If the evidence is destroyed, then plaintiff may seek an inference that such evidence would have been favorable to him."

After addressing with the parties the video footage, the court directs Mr. Lehman to further investigate the time period of the video footage already provided to Plaintiff and whether there is video footage available for the time period that is being requested by Plaintiff. The Plaintiff and Defendants' counsel agree that the pertinent time frame for the video footage from LCC, Unit 3(A),

Minutes of Proceedings
3:13-cv-00301-RCJ-WGC
March 16, 2015

is narrowed to June 3, 2012, from 7:00 p.m. through 9:30 p.m.  Mr. Lehman shall file a notice with the court once he has completed his research regarding the video footage.  The notice shall be filed and any additional footage available shall be provided to Plaintiff no later than **Tuesday, March 31, 2015**.  Plaintiff shall be afforded the opportunity to resubmit a motion to compel if deemed appropriate to do so after review of any additional (if any) video footage.

      IT IS THEREFORE ORDERED, Plaintiff's motion to compel (Doc. # 23) is **GRANTED in part** and **DENIED in part** consistent with the discussions had today.

      In view of the court previously vacating the deadline for filing dispositive motions as to all parties (Doc. # 27), Plaintiff's motion for enlargement of time (Doc. # 29) is **MOOT**.

      Plaintiff requests to withdraw his two separate objections filed on February 26, 2015, by reason of the court's orders during today's hearing. IT IS THEREFORE ORDERED Plaintiff's two motions for the District Judge to reconsider order (Doc. ## 30 and 31) are **WITHDRAWN**.

      The court schedules a status conference for Wednesday, April 22, 2015, at 10:00 a.m.  The dispositive motions deadline will remain vacated at this time and will be reestablished during the next status conference.

IT IS SO ORDERED.

10:45 a.m.  Court adjourns.

                                                        LANCE S. WILSON, CLERK

                                                        By: _____/s/_____
                                                        Katie Lynn Ogden, Deputy Clerk