UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| NICHOLAS V. MAESTAS,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA et al.,<br><br>        Defendants. | 3:13-cv-00301-RCJ-WGC<br><br>**ORDER** |

      This is a prisoner civil rights case. Plaintiff has asked the Court to review the Magistrate Judge's denial without prejudice of his motion to compel the production of security footage depicting an altercation between Plaintiff and another inmate at Lovelock Correctional Center ("LCC"). Defendants had argued in response to the motion that they had recorded the footage onto a CD and delivered it to the warden of the Ely State Prison ("ESP"), where Plaintiff is currently housed. Plaintiff had argued in reply both that the video had been edited and that he had not been allowed to review it. The Magistrate Judge noted that the reply was confusing, because Plaintiff could not coherently claim both that the footage had been edited and that he had not yet viewed it. The Magistrate Judge noted counsel's affidavit that ESP officials had confirmed to him that all available footage had been produced but also noted that the incident at issue occurred at LCC, not ESP. The ESP authorities could only confirm that they had given

Plaintiff everything they received from LCC, but there was no similar attestation that LCC officials had given ESP officials (or Plaintiff directly) all available footage of the incident. The Magistrate Judge therefore denied the motion without prejudice but ordered Defendants' counsel to file a notice within ten days confirming that the footage turned over to Plaintiff was footage of the incident at LCC, not some other footage taken at ESP, and to further explain what counsel meant by "available" and "relevant" footage. The Magistrate Judge gave Plaintiff ten days to respond to Defendants' notice.

On February 23, 2015, eighteen days after the Magistrate Judge issued his ruling, Defendants' counsel filed a notice of compliance indicating that his previous statement that he had conferred with ESP personnel was in error. He had in fact conferred with a person at LCC, who had confirmed that LCC had given the Attorney General's Office all footage it had of the incident, and that there was no additional footage.

Plaintiff has filed two motions asking the Court to overrule the Magistrate Judge's ruling denying the motion to compel without prejudice. The Court denies the motions. The Court cannot find any mistake of law or clear error in the Magistrate Judge's ruling. *See* Fed. R. Civ. P. 72(a). The Magistrate Judge has simply made no final ruling but has reserved judgment pending his assessment of Defendants' notice. Plaintiff's argument that the motion to compel should be granted because Defendants filed their notice late must be considered by the Magistrate Judge in the first instance. The Court also notes that Plaintiff's claim that he has not yet been permitted to view any video at all is consistent with Defendants' statement in the notice that the video has simply been turned over to the Attorney General's Office by an LCC official. But again, the motion to compel has not yet been finally determined by the Magistrate Judge, who therefore has yet made no finding of fact for this Court to review as to whether the relevant footage has been

produced.  The Court also notes that Plaintiff presumably means for his present motions to be considered as a response the Defendants' notice.

## CONCLUSION

IT IS HEREBY ORDERED that the Objections (ECF Nos. 30, 31) are DENIED.

IT IS SO ORDERED.

Dated this 25th day of March, 2015.

_____
ROBERT C. JONES
United States District Judge